Fernando Vargas, Esq. (SBN 302550)
Michelle Henson, Esq. (SBN 299148)
LAW OFFICE OF FERNANDO E. VARGAS
2055 Lombard Street, No. 471899
San Francisco, CA 94147 – 1899
Telephone: (415) 830 – 5342
Facsimile: (424) 369 – 4002

Fernando@VargasAtLaw.com
Michelle@VargasAtLaw.com

*Attorneys for Plaintiff,*
SEAN NEREU

UNITED STATES DISTRICT COUT

NORTHERN DISTRICT OF CALIFORNIA

**SEAN NEREU,** an individual;

*Plaintiff,*

**Vs.**

**THE HERTZ CORPORATION, DTG OPERATIONS, INC., BRITTNEY THOMAS,** an individual and **DOES 1** through **25, Inclusive;**

*Defendants.*

Case No.: 4:19-cv-07157-KAW

**FIRST AMENDED COMPLAINT FOR DAMAGES:**

1. **RETALIATION IN VIOLATION OF CAL. LABOR CODE § 1102.5 AND OF CAL. GOVERNMENT CODE § 12940 ET SEQ.**
2. **FAILURE TO PREVENT HARASMENT AND RETALIATION IN VIOLATION OF CAL.GOVERNMENT CODE § 12940 ET SEQ.**
3. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
4. **NEGLIGENT HIRING, RETENTION AND SUPERVISION**
5. **FAILURE TO PAY OVERTIME COMPENSATION PURUSANT TO CAL. LABOR CODE §§ 510, 1194**
6. **FAILURE TO PROVIDE MEAL AND REST PERIODS PURSUANT TO CAL. LABOR CODE §§ 226.7, 512**
7. **PENALTIES FOR FAILURE TO PAY WAGES DUE PURSUANT TO CAL. LABOR CODE §558**

**8. WAITING TIME PENALTIES PURSUANT TO CAL. LABOR CODE § 203**

**9. FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE AND HOUR STATEMENTS PURSUANT TO CAL. LABOR CODE §§226, ET SEQ.**

**10. UNFAIR COMPETITION PURSUANT TO BUS. & PROF. CODE §17200 ET SEQ.**

**11. DEFAMATION**

**12. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

Plaintiff, **SEAN NEREU,** files this First Amended Complaint against Defendants for causes of action against each of them, alleges as follows:

## JURISDICTION AND VENUE

1. The original complaint was filed September 24, 2019 in Superior Court for the State of California in the County of San Francisco. Thereafter, on October 30, 2019 Defendant filed Notice of Removal to the United States District Court for the Northern District of California based upon 28 U.S.C. § 1332 (diversity jurisdiction).

## PARTIES

2. Plaintiff, SEAN NEREU, is and at all times relevant hereto was a citizen of California, and a permanent resident of the City and County of San Francisco.

3. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant THE HERTZ CORPORATION (hereinafter, "HERTZ") was and is incorporated under the laws of Delaware, with its principal place of business in Florida, but locally doing business at 780 McDonnell Road, in the City and County of San Francisco, California.

4. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant DTG OPERATIONS, INC., (hereinafter, "DTG") was and is incorporated under the

laws of Oklahoma, with its principal place of business in Florida, but locally doing business at 780 McDonnell Road, in the City and County of San Francisco, California.

5. Plaintiff is informed and believes, and based thereupon alleges, that Defendant BRITTNEY THOMAS (hereinafter, "THOMAS") is and at all times relevant hereto was a citizen of California, and a permanent resident of the City and County of San Francisco.

6. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, HERTZ, DTG, and THOMAS (collectively, "Defendants" or "Employers") owned and/or operated a private car rental company.

7. At all times relevant herein, Defendants were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 9-2001, and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558 and/or 558.1, and liable to Plaintiff on that basis.

8. The names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 1 through 25, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same becomes known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants are responsible for the wrongful acts herein and are therefore liable to Plaintiff as alleged hereinafter.

9. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

10. Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants names as DOES 1 through 25, acted in concert with one

another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so. Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1 through 25, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

11. Whenever and wherever reference is made int his complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the act and/or failures to act by each Defendant acting individually, jointly and severally.

**ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

12. Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Employers and DOES 1 through 25 that the individuality and separateness of defendants have ceased to exist.

13. Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Employers and DOES 1 through 25 are, in reality, one and the same as Defendants including, but not limited to because:

a. Employers are completely dominated and controlled by one another and DOES 1through 25, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

b. Employers and DOES 1through 25 derive actual and significant monetary benefits by and through one another's unlawful conduct, and by using one another as the funding source for their own personal expenditures.

c. Employers and DOES 1through 25, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable

purpose.

d. Employers do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e. The business affairs of Employers and DOES 1through 25 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Employers are, and at all times relevant hereto were, used by one another and DOES 1through 25 as mere shells and conduits for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of one another and DOES 1through 25. The recognition of the separate existence of the Defendants would not promote justice in that it would permit Defendants to insulate themselves from liability to Plaintiff for violation of the Government Code and other statutory violation. The corporate existence of Employers and DOES 1through 25 should be disregarded in equity and for the end of justice, because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14. Accordingly, Employers constitute the alter ego of one another and DOES 1 through 25, and the fiction of their separate corporate existence must be disregarded.

15. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Employers and DOES 1through 25 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Employers and DOES 1 through 25. Plaintiff performed services for each and every one of the Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1 through 25, Employers, or any of them, (1) there is an express or implied agreement of assumption pursuant to which Employers and/or DOES 1 through 25 agreed to be liable for the debts of the other Defendants, (2) the transaction between Employers and/or DOES 1 through 25 and the other Defendants amounts to a consolidation or merger of the two corporations, (3)

Employers and/or DOES 1 through 25 are a mere continuation of the other Defendants, or (4) the transfer of the assets to Employers and/or DOES 1 through 25 is for the fraudulent purpose of escaping liability for Defendants' debts. Accordingly, Employers and/or DOES 1 through 25 are the successors of one or more of the other Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

17. On or around December 5, 2017, Employers hired Plaintiff to work as a Location Manager. Plaintiff was classified as a full-time, exempt employee and performed his usual and customary job duties satisfactorily until, on or about July 16, 2019, when he was terminated from his employment with Defendants.

18. Plaintiff's work schedule generally consisted of five (5) days a week, from 7:00 am to 7:00 pm, or 12 hours per day.

19. Plaintiff was paid a bi-weekly salary and according to Employers, exempt from laws mandating overtime wages for all hours worked over 8 in a day or 40 in week.

20. Plaintiff, although classified as an exempt employee mainly performed duties hourly employees performed such as customer service and handling customer service complaints. The amount of time Plaintiff performed duties associated with "managing" was small and did not equal or exceed fifty percent (50%) of all time spent each week while employed by Defendants. By designating Plaintiff as a manager yet employing him to perform tasks identical to those performed by hourly, non-exempt employees, Defendants were able to have Plaintiff work in excess of 8 hours each day and 40 hours of each week without compensating Plaintiff with overtime as mandated by law.

21. Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or majority portion thereof.

22. Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked.

23. On or about February 27, 2019, Plaintiff disclosed to supervisor Mike Coker and General Manager, Shuaib Bulhan that another employee, Regina Hunt, was violating company policy

by using company vehicles for her personal use every morning. Plaintiff was assured this behavior would be corrected. However, Plaintiff witnessed Ms. Hunt removing company vehicles for her personal use on various other occasions.

24. On or about May 21, 2019, Plaintiff contacted Human Resources, Jaimie Tison and complained that Ms. Hunt was violating company policy by continually to use company resources for her personal use. Ms. Tison, in response, indicated there would be an investigation. Upon completion of the investigation, however, Ms. Hunt was never reprimanded for violating company policy and continued to use company resources for her personal use.

25. On or about June 28, 2019, Plaintiff, who had just returned to work from taking leave of absence, was approached by supervisor Rob Fee with allegations of unsatisfactory job performance.

26. Weeks later, on or about July 8, 2019, Plaintiff was approached by a co-worker who related to Plaintiff that the company's Director, Brittney Thomas, had asked the co-worker and other employees to provide them with written statements indicating something to the effect that Plaintiff had falsified a timecard. Upon hearing this from his co-workers, Plaintiff filed a formal complaint with Human Resources – three in total – therein alleging, among other things, that Ms. Thomas, the company's Director, had improperly instructed and/or coerced other employees to write false and misleading statements about the Plaintiff.

27. On the very next day, which was on or about July 9, 2019, Plaintiff arrived at work only to be told he was being suspended, effective immediately. Defendants did not provide Plaintiff with any reason or further information surrounding his suspension or why he was being suspended, to begin with.

28. Then, on or about July 16, 2019, Plaintiff was abruptly terminated and given no further information or the results from the alleged investigation launched against him.

## ADMINISTRATIVE REMEDIES

29. On or about September 11, 2019, Plaintiff filed a charge with the Department of Fair Employment and Housing ("DFEH"), for violation of Title VII of the Civil Rights Act of 1964, as amended, and the Fair Employment and Housing Act ("FEHA") and received a right-to-sue letter from the DFEH (a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein

by this reference).

30. Since Plaintiff has exhausted all administrative remedies, and has received his right to sue letter, civil remedies are now proper.

## FIRST CAUSE OF ACTION

### RETALIATION IN VIOLATION OF LABOR CODE § 1102.5, CAL. GOVERNMENT CODE § 12940 ET SEQ.

### (Against all DEFENDANTS)

31. Plaintiff incorporates paragraphs 1 through 30 as though they were fully set forth herein.

32. At all times mentioned herein, California Labor Code, section 1102.5, was in full force and effect and binding on Defendants.

33. California Labor Code, section 1102.5 mandates, among other things, that: "An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute or a violation of or noncompliance with a location, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

34. Defendant THOMAS, an individual and Director of HERTZ, is and was a person acting on behalf of Defendant Hertz, an employer, as defined under California Labor Code section 1102.5.

35. At all times relevant, Plaintiff was qualified for his position with Defendants and performed his duties satisfactorily.

36. Plaintiff opposed Defendant's conduct made unlawful by the Fair Employment and Housing Act, Cal. Government Code section 12940, et seq.

37. Plaintiff reported retaliation for submitting a complaint on various occasions about another employee violating company policy to Defendants. However, the very next day after his report

of retaliation, Plaintiff was suspended pending an "investigation" and then summarily terminated a week later with no explanation.

38. Plaintiff suffered an adverse employment action due to his complaints to Human Resources.

39. Following Plaintiff's complaints, Defendants knew or should have known that Plaintiff continued to experience retaliatory conduct by Defendants' employees, including employees having supervisory authority over Plaintiff and culminating in the termination of Plaintiff's employment. This conduct constitutes unlawful retaliation in violation of the California Fair Employment and Housing Act, Cal. Government Code, section 12940.

40. The actions alleged herein were taken directly by Defendants and/or its directors, managing agents and/or officers of Defendants and/or authorized or ratified by Defendants or directors, managing agents, and/or officers of Defendants, with oppression, fraud and malice, as those terms are used in California Civil Code, section 3294. As such, Plaintiff is entitled to an award for punitive damages.

41. Government Code, section 12965(b) permits the court to award reasonable attorney's fees to a plaintiff who successfully pursues a FEHA claim. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. Accordingly, Plaintiff is entitled to an award of reasonable attorneys' fees.

42. As a direct and proximate result of the aforesaid acts of Defendants, Plaintiff has lost, and will continue to lose, substantial earnings and fringe benefits and have suffered and/or will suffer other actual, consequential and incidental financial losses, in an amount to be proven at trial in excess of the jurisdictional minimum amount of this court.

43. As a result of Defendants' extreme and outrageous conduct, Plaintiff has suffered extreme and emotional distress, along with resulting damages in an amount to be proven at trial but, in any event, an amount sufficient to satisfy the jurisdictional limits of this Court.

//

//

**SECOND CAUSE OF ACTION**

**FAILURE TO PREVENT HARASSMENT AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 ET SEQ.**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

44. Plaintiff incorporates paragraphs 1 through 43 as though they were fully set forth herein.

45. California Government Code, section 12940, subdivision (k), makes it illegal "for an employer … to fail to take all steps necessary to prevent discrimination, harassment and retaliation from occurring."

46. Plaintiff was at all relevant times an employee of Defendants.

47. Plaintiff was subjected to the retaliatory treatment discussed above.

48. Defendants failed to take all reasonable steps necessary to prevent the retaliation that Plaintiff suffered, including but not limited to, the imposition of an effective policy against such retaliation, the imposition of non-retaliatory practices and procedures, good faith and reasonable investigations, prompt and appropriate discipline against transgressors, multiple violations of the standards set forth at Title 2, the California Code of Regulations, section, 11023 and its predecessors, including, and without limitation, providing a complaint/grievance process that garners a timely response, impartial and timely investigations by qualified personnel, documentation and tracking for reasonable progress, and appropriate options for remedial actions and resolutions and other conduct according to proof.

49. As a direct and proximate result of this illegal behavior by Defendants, Plaintiff has suffered the loss of his job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in amounts to be proven at trial.

50. The actions alleged herein were taken by Defendants or by directors managing agents, and/or officers of Defendants and/or authorized or ratified by Defendants or directors, managing agents and/or officers of Defendants, with oppression, fraud and malice, as those terms were used in California Civil Code, section 3294, by retaliating against Plaintiff in violation of public policies as alleged throughout this Complaint. As such, Plaintiff is entitled to an award for punitive damages.

51. Government Code, section 12965(b) permits the court to award reasonable attorneys'

fees to a plaintiff who successfully pursues a claim under the FEHA. Plaintiff has and will continue to incur attorneys' fees in the pursuit of this action. As such, Plaintiff is entitled to an award of reasonable attorneys' fees.

**<u>THIRD CAUSE OF ACTION</u>**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

52. Plaintiff incorporates paragraphs 1 through 51 as though they were full set forth herein.

53. Plaintiff was employed by Defendants, from December 5, 2017 to July 16, 2019.

54. At all times during Plaintiff's employment with Defendants, Plaintiff performed his employment duties satisfactorily.

55. On or about February 27, 2019, May 21, 2019 and July 8, 2019, Plaintiff made complaints to Human Resources about another employee violating company policy and using company resources for personal use, and about the Director instructing co-workers and other employees to write false and defamatory statements about Plaintiff.

56. On July 8, 2019 and July 16, 2019, Plaintiff suffered adverse employment actions due to the various complaints he made to Human Resources. The temporal proximity between the adverse employment action taken against Plaintiff and his complaints made to Human Resources serves as circumstantial evidence suggesting that the two are causally connected.

57. Plaintiff was subjected to working conditions that violated public policy, in that Plaintiff was treated intolerably in retaliation for reporting a violation of company policy and for making complaints of retaliation by supervisors.

58. Defendants intentionally created or knowingly permitted these working conditions.

59. Defendants decision to terminate Plaintiff was based, at least in substantial part, on Plaintiff's opposition to and reporting the violation of company policy and unlawful retaliation.

60. As a proximate result of the aforesaid acts of Defendants, Plaintiff has lost, and will continue to lose, substantial earnings, fringe benefits, and has suffered and/or will suffer other actual, consequential, and incidental financial losses, in an amount to be proven at trial but certainly in excess of the jurisdictional minimum amount of this court.

61. As a further proximate result of the aforesaid acts of Defendants, Plaintiff has become mentally upset, physically distressed, embarrassed, humiliated, and aggravated. Plaintiff has also suffered harm to his reputation and claims general damages for such mental and physical distress and aggravation in a sum in excess of the jurisdictional minimum amount of this court.

62. The actions alleged herein were taken directly by Defendants or by directors, managing agents, and/or officers of Defendants and/or authorized or ratified by Defendants or directors, managing agents and/or officers of Defendants. In so doing, said managing agents and/or officers of Defendants acted with oppression, fraud and malice, as those terms are used in California Civil Code, section 3294. As such, Plaintiff is entitled to an award of punitive damages.

63. Pursuant to California Labor Code sections 2698 – 2699.5 as well as the Code of Civil Procedure section 121.5, Plaintiff seeks recovery of his costs and attorney's fees. The prosecution of this action, if successful, will result in the enforcement of important rights affecting the public interest, the right to lawful, fair and timely compensation and the right to retain employment and enjoy the same terms, conditions and privileges as other employees free of discrimination, harassment, intimidation and retaliation.

**FOURTH CAUSE OF ACTION**

**NEGLIGENT HIRING, RETENTION, OR SUPERVISION**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

64. Plaintiff incorporates paragraphs 1 through 63 as though they were fully set forth herein.

65. Defendants employed Plaintiff's human resources representatives and supervisors, Mike Coker, Shuaib Bulhan, Rob Fee, Jaimie Tison and Brittney Thomas who were all aware of Plaintiff's complaints and participated in the retaliatory conduct against Plaintiff and were unfit or incompetent to perform the work for which they were hired, including but not limited to competence in maintaining a workplace free from harassment and retaliation; and also including but not limited to responding competently to employee complaints of violation of company policy.

66. Defendants knew or should have known that these employees, and each of them, were unfit and/or incompetent and that their unfitness and/or incompetence created a particular risk to

others.

67. The unfitness and/or incompetence of these employees harmed Plaintiff.

68. Defendant's negligence in hiring and supervising these employees, and each of them, was a substantial factor in causing harm to Plaintiff.

69. As a direct and proximate result of this illegal behavior by Defendants, Plaintiff suffered the loss of his job, loss of compensation, loss of job benefits, humiliation, mental anguish, and severe emotional and physical distress, in an amount to be proven at trial.

70. The actions alleged herein were taken directly by Defendants or by directors, managing agents, and/or officers of Defendants and/or authorized or ratified by Defendants or directors, managing agents and/or of Defendants, with oppression, fraud and malice, as those terms are used in California Civil Code, section 3294. As such, Plaintiff is entitled to an award for punitive damages.

## FIFTH CAUSE OF ACTION

## FAILURE TO PAY OVERTIME COMPENSATION PURSUANT TO CAL. LABOR CODE §§ 510, 1194

**(Against DEFENDANTS HERTZ, DTG and DOES)**

71. Plaintiff incorporates paragraphs 1 through 70 as though they were fully set forth herein.

72. Labor Code section 510 requires employers to pay their non-exempt employees one and one-half times their regular hourly rate (overtime) for time worked in excess of eight hours in a single day or 40 hours per week, and double their regular hourly rate (double-time) for all hours worked in excess of 12 hours in a single day. It also requires employers to pay their non-exempt employees overtime compensation for the first eight hours of work done on the seventh consecutive day of work done in any work week, and double-time compensation for any work done beyond the first eight hours on the seventh consecutive day of work.

73. At all relevant times, Defendants failed and refused to pay Plaintiff all the overtime compensation required by Labor Code, section 510, Title 8 California Code of Regulations, section 1194, and Industrial Welfare Commission Order No. 9-2001.

74. Defendants intentionally and improperly designated Plaintiff as an exempt "manager" as a way of avoiding the payment of overtime wages and other benefits in violation of California

Labor Code, section 510 and Industrial Welfare Commission Order No. 9-2001.

75. The job duties of Plaintiff do not fit the definition of either exempt executive or administrative employees as set fort in California law and the California Division of Labor Standards and Enforcement ("DLSE") interpretations and opinion letters.

76. Less than 50% of Plaintiff's work hours have been spent on exempt managerial or administrative duties.

77. More than 50% of Plaintiff's work hours have been spent performing non-exempt duties, including, but not limited to providing customer service and customer service complaints.

78. Plaintiff did not have discretion or independent judgment as defined by the DLSE because they must follow exacting and comprehensive company-wide policies that dictate virtually every aspect of "managerial" operations, including but not limited to work standard performance, daily performance numbers, purchasing of materials, employee hiring and scheduling, and employee learning content.

79. Plaintiff could not set wages of hourly employees and could not set policies or procedures that bind the corporation.

80. Plaintiff worked under close supervision of Department Manager and General Manager, each of whom effectively prevent Plaintiff from making independent decisions that affect the business as a whole.

81. Since commencing employment with Defendants, Plaintiff has been required to regularly work in excess of eight (8) hours per day and forty (40) hours per week.

82. Under Labor Code, section 510 and the provisions of Industrial Welfare Commission Order No. 9-2001, Plaintiff should have received overtime wages in a sum according to proof for hours worked during the four (4) years prior to filing of this lawsuit. Defendant owes Plaintiff overtime wages, but has failed to pay Plaintiff the amount owed.

83. Plaintiff requests recovery of overtime compensation in an amount to be proven at trial, in addition to interest, attorneys' fees, and costs pursuant to California Labor Code, sections 218.5, 318.6 and 1194 (a), as well as the assessment of any statutory penalties against the Defendant as authorized and in accordance with relevant sections of the Labor Code.

## SIXTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL AND REST BREAKS PURSUANT TO CAL. LABOR CODE §§ 226.7, 512

## (Against DEFENDANTS HERTZ, DTG and DOES)

84. Plaintiff incorporates paragraphs 1 through 83 as though they were fully set forth herein.

85. California Labor Code, section 512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

86. California Labor Code, section 226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked of four hours, or substantial portion thereof.

87. While the Plaintiff was employed by Defendants, Plaintiff regularly worked in excess of 10 hours per day and was thereby entitled to take uninterrupted two 30-minute meal periods and two 10-minute rest periods on each day of work.

88. Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code, section 226.7 and the applicable section of Title 8, California Code of Regulations, section 11090 and Industrial Welfare Commission Order No. 9-2001.

89. As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of Title 8, California Code of Regulations, section 11090 and Industrial Welfare Commission Order No. 9-2001. Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day the Plaintiff was denied such meal periods, and is owed one hour of pay at the Plaintiff's regular hourly rate, or the requisite minimum wages, whichever is greater, for each day Plaintiff was denied such rest periods.

//

//

//

**SEVENTH CAUSE OF ACTION**

**PENALTIES FOR FAILURE TO PAY WAGES DUE PURSUANT TO CAL. LABOR CODE § 558**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

90. Plaintiff incorporates paragraphs 1 through 89 as though they were fully set forth herein.

91. At all relevant times, Defendant failed to pay Plaintiff wages earned and required by Title 8, California Code of Regulations, section 11090, and Industrial Welfare Commission Order No. 9-2001.

92. Plaintiff has been deprived of his rightfully earned compensation as a direct and proximate result of Defendant's failure to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, together with attorneys' fees and costs.

93. California Labor Code, section 558, subdivision (a) provides that any person acting on behalf of an employer who violates, or causes to be violated, overtime rules pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to the amount sufficient to recover unpaid wages. Also, Labor Code, section 558(a) provides for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

94. In addition to the unpaid wages, Plaintiff is entitled to civil penalties in this amount state above based upon Defendant's underpayment of minimum and overtime wages, as well as unpaid rest premiums.

**EIGHTH CAUSE OF ACTION**

**WAITING TIME PENALTY PURSUANT TO CAL. LABOR CODE §§ 201-203**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

95. Plaintiff incorporates paragraphs 1 through 94 as though they were fully set forth herein.

96. At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and

other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid, but did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code, sections 201- 203.

97. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code, sections 201-203.

98. As a direct and proximate result of Defendant's willful failure to pay these wages, Plaintiff is entitled to payment of overtime, meal and rest periods as previously pled herein, and waiting time penalties as calculated on a daily average wage of Plaintiff, as well as other applicable provisions of the Labor Code and attorneys' fees and costs.

**NINTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATMENTS PURSUANT TO CAL. LABOR CODE § 226 ET SEQ.**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

99. Plaintiff incorporates paragraphs 1 through 98 as though they were fully set forth herein.

100. California Labor Code, section 226, subdivision (a), provides that, at the time of each payment of wages, an employer shall provide each employee with an accurate wage statement itemizing, among other things, the total hours worked by the employee during the pay period, all applicable hourly rates in effect during the pay period, and the corresponding number of hours worked at each hourly rate by the employee.

101. At all times mentioned in this Complaint, Defendants paid no overtime wages to Plaintiff, even though Plaintiff earned these wages. The itemized wage statements issued to Plaintiff did not accurately reflect all applicable hourly rates that should have been in effect during the respective pay periods. Nor did these itemized wages statements list the corresponding number of hours worked by Plaintiff at each applicable hourly rate. Instead, the itemized wage statements issued to Plaintiff reflected the reputed salary, without any indication of the rate of pay applicable with respect those hours worked in excess of eight (8) hours per day and/or forty (40) per week.

102. In failing to receive accurate itemized wage statements from Defendants, Plaintiff suffered injury.

103. California Labor Code, section 226, subdivision (e), provides, in part, that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code § 226(a) is entitled to recover the greater of his actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

104. Defendants knowingly and intentionally failed to provide timely and accurate itemized wage statements to Plaintiff in accordance with California Labor Code, section 226. The wage statements provided to Plaintiff did not accurately reflect the actual gross wages they earned or the total number of hours they worked.

105. Because Defendants breached its duty pursuant to Labor Code, section 226(a), Plaintiff is entitled to the damages and penalties provided under Labor Code. section 226(e) and other relevant sections of the Labor Code.

**TENTH CAUSE OF ACTION**

**UNFAIR COMPETITION AND BUSINESS PRACTICES PURSUANT TO BUS. & PROF CODE § 17000, ET SEQ. AND 17200 ET SEQ.**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

106. Plaintiff incorporates paragraphs 1 through 105 as though they were fully set forth herein.

107. Defendant is a "person" as defined under California Business and Professions Code, section 17021.

108. Each of the directors, officers and/or agents of Defendants are equally responsible for the acts of the others as set forth in California Business and Professions Code, section 17095.

109. Defendants operate a car rental business that provides daily rentals to the "public" as defined in Business and Professions Code, sections 17022 and 17024.

110. Plaintiff is informed and believes that during the term of Plaintiff's employment, Defendant has intentionally and improperly designated Plaintiff as a "manager" to avoid the payment of overtime wages and other benefits in violation of California Labor Code, sections 201, 203,

226(a), 510, 512 and 1198, California Penal Code, sections 484 (larceny) and 532 (obtaining labor through false pretenses), Industrial Welfare Commission Order No. 9-2001, and the guidelines set forth by the DLSE and Industrial Welfare Commission, in addition to the standard imposed by the United States Congress following the enactment of the Fair Labor Standards Act (29 U.S.C. § 201 et seq.).

111. Defendants' failure to pay required overtime wages to Plaintiff has resulted in Defendants under-reporting to federal and state authorities, wages earned by Plaintiff and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, Social Security, Medicare, and workers' compensation premiums, in an amount according to proof at trial.

112. Defendants' failure to maintain records of hours worked, failure to pay overtime wages, and their improper and arbitrary designation of Plaintiff as "managerial" is either unfair and/or an offense punishable by both statutory fine and imprisonment for each violation. Defendants' acts constitute a continuing and ongoing unfair and unlawful activity prohibited by California Business and Professions Code, section 17200 et seq., and justify the issuance of an injunction, the making of restitution and the imposition of other equitable relief pursuant to Business and Professions Code, section 17203, both as to Defendants and its managing agents and officers.

113. Plaintiff is informed and believes that by misclassifying Plaintiff as a "Manager" and failing to pay overtime wages, Defendant has engaged in business within the State of California of renting cars to the public, as defined in Business and Professions Code, sections 17026, 17029, and 17073 for the purpose of injuring competitors and/or destroying competition in violation of Business and Professions Code, section 17043.

114. Plaintiff is informed and believes that Defendants have instructed and directed its directors, officers, employees, and/or agents to intentionally and unlawfully designate Plaintiff as a managerial employee to avoid the payment of overtime wages and corresponding employment taxes as a means of gaining an unfair advantage over Defendant's competitors in violation of Business and Professions Code, section 17047.

115. As a result of the acts and omissions by Defendants, Plaintiff, on information and belief, allege that Defendant was able to unfairly compete with other car rental businesses in the State of California by not paying overtime wages in violation of Business and Professions Code, sections 17000

et seq. and 17200 et seq. Due to these unfair, fraudulent and/or unlawful business practices, Defendants has gained a competitive advantage over other comparable businesses doing business in the State of California.

116. The victims of these unfair and/or unlawful business practices include, but are not limited to, Plaintiff and other employees of Defendants, competing businesses in the State of California and the consuming public. Plaintiff is informed and believes and alleges that Defendants performed such acts with the intent of gaining an unfair competitive advantage and thereby injuring Plaintiff, employees, other competitors and the consuming public.

117. Each failure to pay overtime wages in violation of the Business and Professions Code, section 17100 and other statutes is a crime punishable by both a statutory fine and imprisonment. These failures constitute continuing and ongoing unlawful activities prohibited by Business and Professions Code, sections 17000 et seq. and 17200 et seq. and justify the issuance of an injunction. All such remedies are cumulative pursuant to Business and Professions Code, section 17205.

118. Pursuant to Business and Professions Code, section 17203, Plaintiff requests restitution and/or disgorgement of all wages wrongfully retained by Defendants in violation of Business and Professions Code, sections 17000 et seq. and sections 17200 et seq. Furthermore, Plaintiff requests attorneys' fees and costs pursuant to California Code of Civil Procedure, section 1021.5.

**ELEVENTH CAUSE OF ACTION**

**DEFAMATION**

**(Against all DEFENDANTS)**

119. Plaintiff incorporates paragraphs 1 through 118 as though they were fully set forth herein.

120. Defendants caused to be published false and unprivileged communication tending directly to injure Plaintiff in his business and professional reputation. More specifically, Defendant THOMAS made untrue statements and solicited other employees to corroborate said untrue statements by asking them to fabricate evidence by writing statements accusing Plaintiff of falsifying timecards.

121. Defendants' defamatory statements were designed and intended to diminish Plaintiff's reputation and injure Plaintiff in his good name and employment and are, accordingly, libelous per se.

122. As a proximate result of the defamatory statements made by Defendants as aforesaid, Plaintiff has suffered injury to his business and professional reputation, which includes his termination, and further has suffered and continues to suffer embarrassment, humiliation, and anguish, all to his damage in amount according to proof.

123. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amount to malice a in conscious disregard to Plaintiff's rights. Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in an amount according to proof.

**<u>TWELFTH CAUSE OF ACTION</u>**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**(Against all DEFENDANTS)**

124. Plaintiff incorporates paragraphs 1 through 123 as though they were fully set forth herein.

125. After Plaintiff made several complaints to Human Resources regarding the violation of company policies, rather than investigate said complaints, Defendants accused Plaintiff of violating company policies. Plaintiff is informed and believes that Defendants did so as part of a campaign to stop Plaintiff from submitting further complaints and as a pretext to terminate Plaintiff. Defendants further engaged in additional conduct beyond the normal confines of the employment relationship by subjecting Plaintiff to unwarranted disciplinary actions, scrutiny and/or pressure beyond what is typical in the workplace, as part of their effort to force Plaintiff out of his job. Defendants did so, including but not limited through Defendant THOMAS, who carried out and perpetuated unwarranted actions and scrutiny against Plaintiff and attempted to induce other employees to write false statement pertaining to Plaintiff in order to terminate Plaintiff.

126. The conduct of Defendants as set forth above was so extreme and outrageous that it exceeded all boundaries of human decency. This conduct was intended to cause severe emotional distress, or was done in reckless disregard of the probability of causing severe emotional distress.

127. As an actual or proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer severe and continuous humiliation and emotional distress, all to his damage in an amount according to proof at the time of trial.

128. Defendants committed the acts alleged herein maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard to Plaintiff's rights. Because these acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, and intentional manner in order to injure and damage Plaintiff, he is entitled to recover punitive damages from Defendants in amount according to proof.

## LEAVE TO AMEND

119. Plaintiff is informed and believes that there are numerous additional acts committed by Defendant and Does 1 through 25, which could not be confirmed at the time of the filing of this First Amended Complaint and reserves the right to amend this complaint to include said additional acts and violations.

## JURY TRIAL DEMANDED

120. Plaintiff demands trial of all issues by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court grant the following relief against Defendants:

1. Compensatory damages;
2. Payment of unpaid overtime compensation;
3. Payment of meal and rest period compensation;
4. For economic damages including losses incurred in seeking substitute employment and loss of earnings, deferred compensation and other employment benefits, lost investment earnings, together with other economic losses, in an amount to be awarded by the Court;
5. For interest on the amount of losses incurred in earnings, deferred compensation and other employee benefits at the prevailing legal rate;
6. For reasonable attorney fees and costs;

7. For all applicable statutory penalties or damages;

8. Punitive damages;

9. Cost of suit, including attorneys' fees, pursuant to the Labor Code and/or any other basis; and

10. For such other and further relief as the court deems just and proper.

Dated: November 18, 2019

Kindest Regards,

THE LAW OFFICE OF FERNANDO E. VARGAS

**/s/ Fernando E. Vargas**

Fernando Vargas, Esquire
Michelle Henson, Esquire

*Attorneys for Plaintiff,*
SEAN NEREU

# EXHIBIT A

STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING** KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 11, 2019

Michelle Henson
401 W. Fallbrook Ave, Suite 205
Fresno, California 93711

RE: **Notice to Complainant's Attorney**
DFEH Matter Number: 201909-07524511
Right to Sue: Nereu / The Hertz Corporation

Dear Michelle Henson:

Attached is a copy of your **amended** complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original complaint. This is not a new Right to Sue letter. The original Notice of Case Closure and Right to Sue issued in this case remains the only such notice provided by the DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Sean Nereu DFEH No. 201909-07524511

Complainant,

vs.

The Hertz Corporation
,

DTG Operations, Inc.
,

Respondents

---

1. Respondent **The Hertz Corporation** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Sean Nereu**, resides in the City of State of **.**

3. Complainant alleges that on or about **July 16, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, sex/gender, family care or medical leave (cfra) (employers of 50 or more people), baby bonding leave (employers of 20 - 49 people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used baby bonding leave (employers of 20-49 people), requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, suspended.

**Additional Complaint Details:** In or around December 5, 2017, Employers hired Plaintiff to work as a Location Manager. Plaintiff was classified as a full-time,

exempt employee and performed all of Plaintiff's job duties satisfactorily before Plaintiff was terminated on or about July 16, 2019.

Plaintiff's schedule generally was 5 days a week, 12 hours per day. Plaintiff was paid a bi-weekly salary and according to Employers, exempt from laws mandating overtime wages for all hours worked over 8 in a day or 40 in week.

Plaintiff, although classified as an exempt employee mainly performed duties hourly employees performed such as customer service and handling customer service complaints. The amount of time Plaintiff performed duties associated with "managing" was small and did not equal or exceed fifty percent (50%) of all time spent each week while employed by Employers. By designating Plaintiff as a manager yet employing him to perform tasks identical to those performed by hourly employees, Employers were able to have Plaintiff work in excess of 8 hours each day and 40 hours of each week without compensating Plaintiff with overtime as mandated by law.

Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or majority portion thereof.

Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was each day Plaintiff worked.

On or about February 27, 2019, Plaintiff disclosed to supervisor Mike Coker and General Manager, Shuaib Bulhan that another employee, Regina Hunt, was violating company policy by using company vehicles for her personal use every morning. Plaintiff was assured this behavior would be corrected. However, Plaintiff witnessed Ms. Hunt removing company vehicles for her personal use on various other occasions.

On or about May 21, 2019, Plaintiff contacted Human Resources, Jaimie Tison and complained that Ms. Hunt was violating company policy by continually using company resources for her personal use. Ms. Tison indicated there would be an investigation. However, when the investigation was completed, Ms. Hunt received no repercussions and continued to use company resources for her personal use.

Thereafter, Plaintiff was away from work on leave. Upon Plaintiff's return on or about June 28, 2019, Plaintiff was approached by supervisor Rob Fee with allegations of unsatisfactory job performance.

On or about July 8, 2019, Plaintiff was approached by a co-worker who informed Plaintiff that Director, Brittney Thomas asked them to write a statement that was false indicating Plaintiff falsified a timecard. Upon hearing this from co-worker, Plaintiff submitted a formal complaint to Human Resources that Ms. Thomas was asking other employees to write false statements involving Plaintiff.

On or about July 9, 2019, one day after he submitted a third complaint, Plaintiff was suspended, but not informed of the allegations or why he was being suspended.

On or about July 16, 2019, Plaintiff was terminated but never given the results of the alleged investigation.

VERIFICATION

I, **Michelle Henson**, am the **Attorney** in the above-entitled complaint. I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true.

On September 11, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Fresno, California**