SEYFARTH SHAW LLP
Ari Hersher (SBN 260321)
ahersher@seyfarth.com
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants
THE HERTZ CORPORATION; DTG OPERATIONS, INC.; and BRITTNEY THOMAS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN NEREU, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE HERTZ CORPORATION, DTG OPERATIONS, INC., BRITTNEY THOMAS, an individual, and DOES 1 to 25, inclusive,<br><br>Defendants. | Case No. 4:19-cv-07157-KAW<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Action Filed: September 23, 2019<br>SAC Filed: December 23, 2019 |

Defendants The Hertz Corporation, DTG Operations, Inc., and Brittney Thomas (collectively "Defendants"), by and through their attorneys, hereby answer Plaintiff's Second Amended Complaint as follows ("SAC" or "Complaint"):

Defendants admit the Court granted Defendants' unopposed motion to dismiss certain causes of action alleged in Plaintiff's First Amended Complaint, but granted Plaintiff leave to file his SAC.

**JURISDICTION AND VENUE**

1. Defendants admit on September 24, 2019, Plaintiff's original complaint was filed in Superior Court for the State of California in the County of San Francisco and that Hertz and DTG filed Notice of Removal to United States District for Northern District of California based on diversity jurisdiction. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 1 of the Complaint.

**PARTIES**

2. Defendants presently lack sufficient knowledge and information to know what Plaintiff believes are "all times relevant to this action" or to form a belief as to the location of Plaintiff's current residence and on that basis deny the allegations set forth in Paragraph 2.

3. Defendants admit Hertz is and was incorporated under the laws of Delaware, with its principal place of business in Florida, and conducted business at 780 McDonnell Road, in the City and County of San Francisco, California. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 3 of the Complaint.

4. Defendants admit DTG is and was incorporated under the laws of Oklahoma, with its principal place of business in Florida, and conducted business at 780 McDonnell Road, in the City and County of San Francisco, California. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 4 of the Complaint.

5. Defendants admit Thomas is and was a citizen of California and resident of the City and County of San Francisco. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 5 of the Complaint.

6. Defendants admit that Hertz and DTG operate a private car rental company. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 6 of the Complaint.

7. The allegations in Paragraph 7 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

8. The allegations in Paragraph 8 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

9. The allegations in Paragraph 9 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

10. The allegations in Paragraph 10 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

11. The allegations in Paragraph 11 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

12. The allegations in Paragraph 12 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

13. The allegations in Paragraph 13 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein, including the allegations contained in each subparagraph.

14. The allegations in Paragraph 14 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

15. The allegations in Paragraph 15 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

16. The allegations in Paragraph 16 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**FACTUAL ALLEGATIONS**

17. Defendants admit Plaintiff was hired by Hertz on or about December 5, 2017. Defendants further admit Plaintiff was classified as a full-time, exempt employee during his employment with Hertz and subsequently DTG. Defendants further admit Plaintiff's employment with DTG was terminated on or about July 16, 2019 for violation of Defendants' policies, including Defendants' policy with respect to accurate timekeeping for non-exempt employees. Defendants further admit Plaintiff was employed on an at-will basis at all times during his employment. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 17 of the Complaint.

18. Defendants admit Plaintiff was regularly scheduled to work forty (40) hours or more per workweek during his employment, and further admit Plaintiff was regularly scheduled to work five days per workweek. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 18 of the Complaint.

19. Defendants admit Plaintiff was paid a regular salary to compensate him for all time spent working, and further admit Plaintiff was classified as an exempt employee during his employment with Hertz and subsequently DTG. This paragraph otherwise contains legal conclusions to which no answer is required. To the extent Paragraph 19 contains other factual allegations, Defendants deny those allegations.

20. Defendants deny Plaintiff "mainly performed duties hourly employees performed," as Defendants classified Plaintiff as an exempt employee and Defendants expected Plaintiff to spend more than 50% of his work time performing exempt duties consistent with the requirements of his positions.

This paragraph otherwise contains legal conclusions to which no answer is required. To the extent Paragraph 20 contains other factual allegations, Defendants deny those allegations.

21. Defendants are unable to respond to this paragraph because it is unclear what "employment" Plaintiff refers to in this paragraph. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

22. Defendants are unable to respond to this paragraph because it is unclear what "employment" Plaintiff refers to in this paragraph. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

23. Defendants admit on or about February 27, 2019, Plaintiff alleged to Defendants that another employee was using a company vehicle for unauthorized purposes in violation of Defendants' policies. Defendants deny Plaintiff ever alleged during his employment that another employee had violated applicable federal, state, or local laws. Defendants further deny Plaintiff alleged to Defendants that another employee had "falsely reported her time." This paragraph otherwise contains legal conclusions to which no answer is required. To the extent Paragraph 23 contains other factual allegations, Defendants deny those allegations.

24. Defendants admit Plaintiff contacted Jaimie Tison on or about May 21, 2019. Defendants deny Plaintiff alleged another employee's activities created a health and safety risk, a violation of insurance laws, theft of company property, and/or violation of wage and hour laws. Defendants do not presently have sufficient information or knowledge to respond to the remaining factual allegations in Paragraph 24 and deny on that basis.

25. Defendants admit Brittney Thomas is the Director of Operations for the San Francisco Airport locations where Plaintiff worked. This paragraph otherwise contains legal conclusions to which no answer is required. To the extent Paragraph 25 contains other factual allegations, Defendants deny those allegations.

26. Defendants deny the allegations set forth in Paragraph 26.

27. Defendants admit Plaintiff was counseled regarding unsatisfactory job performance including, but not limited to, dress code and attendance concerns. Except as expressly admitted or denied herein, Defendants deny each and every remaining allegation set forth in Paragraph 27.

28. Defendants presently lack sufficient knowledge or information regarding Plaintiff and Vigilio Ham's communications and on that basis deny those allegations. Defendants admit Plaintiff made a complaint with Human Resources on or about July 8, 2019 regarding alleged retaliation. Defendants deny Ms. Thomas falsely accused Plaintiff of misconduct, including falsifying timecards. Defendants admit Defendants' reasonable investigation revealed instances of Plaintiff's misconduct that Plaintiff sought to cover up, including one instance of employee intimidation after the employee made a statement to Defendants about Plaintiff. Except as expressly admitted or denied herein, Defendants deny each and every remaining allegation set forth in Paragraph 28.

29. Defendants admit Plaintiff was suspended on or about July 9, 2019, pending further investigation into Plaintiff's misconduct. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 29 of the Complaint.

30. Defendants admit Plaintiff's at-will employment with DTG was terminated on or about July 16, 2019. Defendants deny "no further information" about Plaintiff's termination was provided to Plaintiff at that time, and admit the reason for his termination (namely, violation of company policies) was explained to Plaintiff at that time. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 30.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

31. Defendant lacks sufficient information to admit or deny the allegations of this paragraph.

32. The allegations in Paragraph 32 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## FIRST CAUSE OF ACTION

**RETALIATION IN VIOLATION OF LABOR CODE § 1102.5, LABOR CODE § 6310, CAL. GOVERNMENT CODE § 12940 ET SEQ**

**(Against DEFENDANTS HERTZ, DTG and DOES)**

33. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 32 as if set forth fully herein.

34. The allegations in Paragraph 34 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

35. The allegations in Paragraph 35 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

36. The allegations in Paragraph 36 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

37. Defendants deny the allegations set forth in Paragraph 37.

38. The allegations in Paragraph 38 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

39. Defendants admit Plaintiff alleged retaliation for making a prior complaint about another employee violating company policy. The remaining allegations in Paragraph 39 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

40. Defendants admit Plaintiff's employment with DTG was suspended on July 9, 2019 and then was terminated on July 16, 2019. The remaining allegations in Paragraph 40 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

41. The allegations in Paragraph 41 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

42. The allegations in Paragraph 42 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

43. Defendants deny the allegations set forth in Paragraph 43.

44. Defendants lack sufficient knowledge or information to know whether Plaintiff has or will continue to incur attorneys' fees. The remaining allegations in Paragraph 44 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

45. Defendants deny the allegations set forth in Paragraph 45.

46. Defendants deny the allegations set forth in Paragraph 46.

**SECOND CAUSE OF ACTION**
**FAILURE TO PREVENT HARASSMENT AND RETALIATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §§ 12940 ET SEQ.**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

47. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 46 as if set forth fully herein.

48. The allegations in Paragraph 48 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

49. Defendants presently lack sufficient knowledge and information to know what Plaintiff believes are "all relevant times" and deny the allegations in Paragraph 49 on that basis.

50. Defendants deny the allegations set forth in Paragraph 50.

51. Defendants deny the allegations set forth in Paragraph 51.

52. Defendants deny the allegations set forth in Paragraph 52.

53. Defendants deny the allegations set forth in Paragraph 53.

54. Defendants lack sufficient knowledge or information to know whether Plaintiff has or will continue to incur attorneys' fees. The remaining allegations in Paragraph 54 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**THIRD CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

55. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 54 as if set forth fully herein.

56. Defendants admit Plaintiff was employed by Hertz from December 5, 2017 to February 4, 2018 and employed by DTG from February 4, 2018 to July 16, 2019.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Defendants admit Plaintiff contacted Human Resources, Jaimie Tison, on or about May 21, 2019 regarding another employee allegedly violating company policy. Defendants do not presently have sufficient information or knowledge to respond to the remaining factual allegations in Paragraph 58 and deny on that basis.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

62. Defendants deny the allegations set forth in Paragraph 62.

63. Defendants deny the allegations set forth in Paragraph 63.

64. Defendants deny the allegations set forth in Paragraph 64.

65. Defendants deny the allegations set forth in Paragraph 65.

66. The allegations in Paragraph 66 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**<u>FOURTH CAUSE OF ACTION</u>**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

67. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 66 as if set forth fully herein.

68. Defendants admit Mike Coker, Shuaib Bulhan, Rob Fee, Jaimie Tison and Brittney Thomas were employed by one or more Defendants at various times during Plaintiff's employment. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 68.

69. Defendants deny the allegations set forth in Paragraph 69.

70. Defendants deny the allegations set forth in Paragraph 70.

71. Defendants deny the allegations set forth in Paragraph 71.

72. Defendants deny the allegations set forth in Paragraph 72.

73. Defendants deny the allegations set forth in Paragraph 73.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME COMPENSATION PURSUANT TO CAL. LABOR CODE §§ 510, 1194
## (Against DEFENDANTS HERTZ, DTG and DOES)

74. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 73 as if set forth fully herein.

75. The allegations in Paragraph 75 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

76. Defendants deny the allegations set forth in Paragraph 76.

77. Defendants deny the allegations set forth in Paragraph 77.

78. Defendants deny the allegations set forth in Paragraph 78.

79. Defendants deny the allegations set forth in Paragraph 79.

80. Defendants deny the allegations set forth in Paragraph 80.

81. Defendants deny the allegations set forth in Paragraph 81.

82. Defendants presently lack sufficient knowledge or information to know what "hourly employees" or "corporation" Plaintiff refers to in this paragraph and on that basis denies the allegations set forth in Paragraph 82.

83. Defendants deny the allegations set forth in Paragraph 83.

84. Defendants admit Plaintiff was classified as an exempt employee during his employment and in that exempt role Plaintiff may have been required to work hours in excess of eight (8) hours per day and forty (40) hours per week. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 84 of the Complaint.

85. Defendants deny Plaintiff is owed any overtime wages. The remaining allegations in Paragraph 85 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

86. The allegations in Paragraph 86 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**SIXTH CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL AND REST BREAKS PURSUANT TO CAL. LABOR CODE §§ 226.7, 512**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

87. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 86 as if set forth fully herein.

88. The allegations in Paragraph 88 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

89. The allegations in Paragraph 89 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

90. The allegations in Paragraph 90 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

91. The allegations in Paragraph 91 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

92. The allegations in Paragraph 92 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**SEVENTH CAUSE OF ACTION**
**PENALTIES FOR FAILURE TO PAY WAGES DUE PURSUANT TO CAL. LABOR CODE § 558**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

93. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 92 as if set forth fully herein.

94. Defendants deny the allegations set forth in Paragraph 94.

95. Defendants deny the allegations set forth in Paragraph 95.

96. The allegations in Paragraph 96 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

97. The allegations in Paragraph 97 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**EIGHTH CAUSE OF ACTION**
**WAITING TIME PENALTIES PURSUANT TO CAL. LABOR CODE §§ 201-203**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

98. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 97 as if set forth fully herein.

99. Defendants deny the allegations set forth in Paragraph 99.

100. The allegations in Paragraph 100 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

101. The allegations in Paragraph 101 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**NINTH CAUSE OF ACTION**
**FAILURE TO PROVIDE ACCURATE ITEMIZED WAGE STATEMENTS PURSUANT TO CAL. LABOR CODE §§ 201-203**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

102. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 101 as if set forth fully herein.

103. The allegations in Paragraph 103 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

104. Defendants admit Defendants did not provide Plaintiff with overtime compensation (or some other obligation owed to non-exempt employees) because Plaintiff was properly classified as exempt from overtime provisions under applicable California and/or federal law throughout his employment. Except as expressly admitted herein, Defendants deny each and every remaining allegation set forth in Paragraph 104.

105. Defendants deny the allegations set forth in Paragraph 105.

106. The allegations in Paragraph 106 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

107. The allegations in Paragraph 107 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

108. The allegations in Paragraph 108 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## TENTH CAUSE OF ACTION

**UNFAIR COMPETITION AND BUSINESS PRACTICES PURSUANT TO BUS. & PROF CODE § 17000, ET SEQ. AND 17200 ET SEQ.**
**(Against DEFENDANTS HERTZ, DTG and DOES)**

109. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 108 as if set forth fully herein.

110. The allegations in Paragraph 110 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

111. The allegations in Paragraph 111 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

112. The allegations in Paragraph 112 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

113. The allegations in Paragraph 113 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

114. Defendants deny the allegations set forth in Paragraph 114.

115. The allegations in Paragraph 115 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

116. Defendants deny the allegations set forth in Paragraph 116.

117. Defendants deny the allegations set forth in Paragraph 117.

118. Defendants deny the allegations set forth in Paragraph 118.

119. Defendants deny the allegations set forth in Paragraph 119.

120. The allegations in Paragraph 120 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

121. The allegations in Paragraph 121 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

## ELEVENTH CAUSE OF ACTION
## DEFAMATION
## (Against all DEFENDANTS)

122. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 121 as if set forth fully herein.

123. Defendants deny the allegations set forth in Paragraph 123.

124. Defendants presently lack sufficient knowledge or information to know whether Plaintiff was informed of Thomas' alleged comments on July 8, 2019, and on that basis deny. The remaining allegations in Paragraph 124 state legal conclusions and, as such, require no response from Defendants.

125. The allegations in Paragraph 125 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

126. Defendants deny the allegations set forth in Paragraph 126.

127. Defendants deny the allegations set forth in Paragraph 127.

**TWELFTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(Against all DEFENDANTS)**

128. Defendants re-allege and incorporate their answers to the allegations set forth in paragraphs 1 through 121 as if set forth fully herein.

129. Defendants deny the allegations set forth in Paragraph 129.

130. The allegations in Paragraph 130 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

131. The allegations in Paragraph 131 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

132. The allegations in Paragraph 132 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**LEAVE TO AMEND**

133. The allegations in Paragraph 133 state legal conclusions and, as such, require no response from Defendants.[1] However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

//

[1] The SAC erroneously numbers this paragraph and Paragraph 134 as Paragraph 119 and 120 but Defendants' Answer will refer to the accurate paragraph numbers to maintain sequential order.

**JURY TRIAL DEMANDED**

134. The allegations in Paragraph 134 state legal conclusions and, as such, require no response from Defendants. However, to the extent a response is deemed necessary, Defendants deny the allegations contained therein.

**PRAYER FOR RELIEF**

Defendants deny that Plaintiff is entitled to any of the relief asserted in his Prayer for Relief.

**SEPARATE DEFENSES**

In further answer to the Second Amended Complaint, and as separate and distinct affirmative and other defenses, Defendants allege as follows, without assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

**FIRST SEPARATE DEFENSE**
**(Failure to State a Cause of Action)**

1. Plaintiff's Second Amended Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action or state a claim upon which relief may be granted against Defendants.

**SECOND SEPARATE DEFENSE**
**(Estoppel)**

2. Plaintiff is equitably estopped from asserting his claims for relief to the extent Plaintiff has, by his own conduct, intentionally induced, caused, and/or contributed to the alleged conduct of Defendants of which he now complains.

**THIRD SEPARATE DEFENSE**
**(Laches)**

3. Plaintiff's claims are barred in whole or in part by the equitable doctrine of laches.

**FOURTH SEPARATE DEFENSE**
**(Unclean Hands)**

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FIFTH SEPARATE DEFENSE**
**(Labor Code §§ 2854 and 2856)**

5. Plaintiff's claims are barred by virtue of California Labor Code §§ 2854 and 2856 in that Plaintiff failed to use ordinary care and diligence in the performance of his duties and failed to comply substantially with the reasonable directions of his employer.

**SIXTH SEPARATE DEFENSE**
**(Labor Code § 2924)**

6. Plaintiff's claims are barred by virtue of California Labor Code § 2924 in that Plaintiff willfully breached his duties in the course of his employment and/or was continually incapacitated to perform his job duties.

**SEVENTH SEPARATE DEFENSE**
**(Waiver)**

7. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**EIGHTH SEPARATE DEFENSE**
**(No Injury)**

8. Plaintiff sustained no injuries, damages or loss by reason of any act of Defendants.

**NINTH SEPARATE DEFENSE**
**(Privilege/Justification)**

9. Assuming arguendo that any of the actions alleged in the Complaint were taken by Defendants, such actions were at all times privileged or justified.

**TENTH SEPARATE DEFENSE**
**(Management Discretion)**

10. Any and all conduct of which Plaintiff complains or which was attributed to Defendants was a just and proper exercise of management discretion on the part of Defendants undertaken for fair and honest reasons other than Plaintiff's alleged protected activities.

**ELEVENTH SEPARATE DEFENSE**
**(Prompt Remedial Action)**

11. To the extent Plaintiff complained of any unlawful conduct, Defendants took prompt and appropriate remedial action to investigate and address his complaint(s) and took appropriate corrective action.

**TWELFTH SEPARATE DEFENSE**
**(Statute of Limitations)**

12. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Civil Code sections 335.1, 337, 338, 339, 340, and 343, and California Government Code sections 12965, 12960-12976, et seq.

**THIRTEENTH SEPARATE DEFENSE**
**(Failure of Condition Precedent)**

13. Some or all of the claims alleged in the Second Amended Complaint are barred because Plaintiff failed to exhaust his administrative remedies or prerequisites to filing a civil action.

**FOURTEENTH SEPARATE DEFENSE**
**(Mixed Motive)**

14. Plaintiff's claims are barred in whole or in part to the extent that Plaintiff demonstrates that his protected status or activities were a motivating factor for any challenged employment action, on the grounds that Defendants would have taken the same action for legitimate, independent reasons in the absence of such impermissible motivating factor.

**FIFTEENTH SEPARATE DEFENSE**
**(Worker's Compensation Exclusivity)**

15. Any claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred because Plaintiff's sole and exclusive remedy, if any, for such injuries, is governed by the California Workers' Compensation Act pursuant to California Labor Code sections 3600 et seq.

**SIXTEENTH SEPARATE DEFENSE**
**(Failure to Mitigate Damages)**

16. Plaintiff is not entitled to back pay and/or other damages, to the extent that he failed to seek and obtain other employment and otherwise failed to mitigate his alleged loss of wages or other damages.

**SEVENTEENTH SEPARATE DEFENSE**
**(Avoidable Consequences Doctrine)**

17. The Second Amended Complaint, and each purported cause of action alleged therein, is barred by the avoidable consequences doctrine to the extent Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or otherwise failed to

exercise reasonable care and diligence to avoid harm or loss that could have reasonably been prevented by such reasonable efforts.

**EIGHTEENTH SEPARATE DEFENSE**
**(After-Acquired Evidence)**

18. To the extent investigation or discovery discloses information which could serve as a basis for the termination of Plaintiff's employment, Plaintiff is barred from recovery by the doctrine of after-acquired evidence; or alternatively the doctrine of after-acquired evidence limits and reduces Plaintiff's alleged damages.

**NINETEENTH SEPARATE DEFENSE**
**(Comparative Fault)**

19. To the extent Plaintiff suffered any damages or injuries as alleged in the Second Amended Complaint, such injuries or damages were caused, in whole or in part, by the acts or omissions of Plaintiff himself, and any recovery is therefore barred or reduced in accordance with Plaintiff's negligent, reckless, or intentional conduct.

**TWENTIETH SEPARATE DEFENSE**
**(Failure to State a Claim for Relief for Punitive Damages)**

20. Plaintiff is not entitled to recover any punitive or exemplary damages against Defendants, and any allegations with respect thereto should be stricken because Plaintiff has failed to plead and cannot prove facts sufficient to support allegations of oppression, fraud and/or malice pursuant to California Civil Code § 3294(a).

**TWENTY-FIRST SEPARATE DEFENSE**
**(*Kolstad* Defense)**

21. Plaintiff may not recover punitive damages against Defendants for the employment decisions of its agent(s) to the extent that those decisions were contrary to policies Defendants have instituted against wrongful conduct.

**TWENTY-SECOND SEPARATE DEFENSE**
**(Offset)**

22. To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff.

**TWENTY-THIRD SEPARATE DEFENSE**
**(Good Faith Dispute and Waiting Time Penalties)**

23. Plaintiff is not entitled to any penalty because, at all times relevant and material herein, Defendants did not willfully fail to comply with any provisions of the California Labor Code or applicable wage orders, but rather acted in good faith and had reasonable grounds for believing that it did not violate the California Labor Code or the applicable wage order.

**TWENTY-FOURTH SEPARATE DEFENSE**
**(Attorneys' Fees Not Recoverable)**

24. Plaintiff is precluded from recovering attorneys' fees from Defendant under applicable provisions of law.

**TWENTY-FIFTH SEPARATE DEFENSE**
**(Consent/Authorization)**

25. Defendants assert, without admitting that Defendants engaged in any of the acts or conduct attributed to it in the Second Amended Complaint, that any and all actions of Defendants with regard to Plaintiff were consented to and/or authorized by Plaintiff through their actions, omissions, and course of conduct.

**TWENTY-SIXTH SEPARATE DEFENSE**
**(Failure to Inform Employer of Alleged Violation)**

26. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff did not inform Defendants of any alleged unlawful conduct or purported complaints, including but not limited to any alleged failure to pay overtime wages, meal or rest period violations, any alleged failure to pay wages due at termination, any alleged failure to provide itemized employee wage statements, or any other alleged violations, prior to filing a lawsuit. Plaintiff therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his claims.

**TWENTY-SEVENTH SEPARATE DEFENSE**
**(Not Compensable Time)**

27. Plaintiff's Second Amended Complaint fails to the extent that, even if Plaintiff was not paid for all work performed, all or part of the time for which pay is claimed is not compensable time worked.

**TWENTY-EIGHTH SEPARATE DEFENSE**
**(*De Minimis* Doctrine)**

28. Plaintiff's Second Amended Complaint fails to the extent that, even if Plaintiff was not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine. Pursuant to the *de minimis* doctrine, an employer is not required to pay for insubstantial or insignificant periods of purported off-the-clock work.

**TWENTY-NINTH SEPARATE DEFENSE**
**(No Knowledge Of Overtime of Off-the-Clock Work, Or Denial Of Meal Or Rest Periods)**

29. Plaintiff's Second Amended Complaint is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or did not have actual or constructive knowledge that Plaintiff was allegedly denied any meal or rest periods. *See, e.g., Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("where an employer has no knowledge that an employee is engaging in overtime work and that employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for the overtime hours are not a violation"); *Davis v. Food Lion*, 792 F.2d 1274, 1276-77 (4th Cir. 1986) ("it is necessary for a plaintiff to show that his employer had knowledge, either actual or constructive, of his overtime work").

**THIRTIETH SEPARATE DEFENSE**
**(Meal And Rest Periods Were Taken)**

30. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff did, in fact, take all meal periods or rest breaks to which Plaintiff claims he was entitled to throughout his employment.

**THIRTY-FIRST SEPARATE DEFENSE**
**(Meal Periods Were Provided And Rest Periods Were Authorized And Permitted)**

31. Plaintiff's Second Amended Complaint fails to state a basis upon which relief can be granted because Defendants, at all relevant times, posted the applicable Wage Order and had policies and practices that provided meal periods and authorized and permitted rest periods as required by law.

**THIRTY-SECOND SEPARATE DEFENSE**
**(Waiver Of Meal Periods)**

32. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff signed written waivers of any meal periods, voluntarily waived meal periods, or otherwise agreed to take on-duty meal periods.

**THIRTY-THIRD SEPARATE DEFENSE**
**(Waiver Of Second Meal Periods)**

33. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff waived his second 30-minute meal period during shifts, if any, in which he worked at least 10 hours, but less than 12 hours, and was provided with the first 30-minute meal period during those same shifts.

**THIRTY-FOURTH SEPARATE DEFENSE**
**(Failure To Show Waiting Time Penalty Violation)**

34. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff failed to show that Defendants willfully, knowingly or intentionally did not pay all accrued wages, overtime wages or premium wages within the time required following the termination of Plaintiff's employment.

**THIRTY-FIFTH SEPARATE DEFENSE**
**(Failure To Show The Lack Of Itemized Or Accurate Wage Statements)**

35. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff cannot show that Defendants failed to furnish an accurate, itemized statement in writing at the time of each payment of wages.

**THIRTY-SIXTH SEPARATE DEFENSE**
**(Failure To Show Intentional Violation Of Wage Statement Requirements)**

36. Plaintiff's Second Amended Complaint is barred to the extent that Plaintiff has failed to allege any facts showing that Defendants, or any officer, agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly, and intentionally violated the provisions of California Labor Code Section 226.

**THIRTY-SEVENTH SEPARATE DEFENSE**
**(Accord and Satisfaction)**

37. Plaintiff's claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff was properly and fully compensated for all work performed for Defendants, and any acceptance

of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants to Plaintiff.

**THIRTY-EIGHTH SEPARATE DEFENSE**

**(Unjust, Arbitrary, And Oppressive, Or Confiscatory Penalties)**

38. Plaintiff is not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, and oppressive, or confiscatory. Although Defendants deny that they have committed or have responsibility for any act that could support the recovery of civil penalties in this lawsuit, if and to the extent any such act or responsibility is found, recovery would be unjust, arbitrary, and oppressive, or confiscatory, or disproportionate to any damage or loss incurred as a result of Defendants' conduct and therefore unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

**THIRTY-NINTH SEPARATE DEFENSE**

**(Exempt Employees)**

39. Plaintiff is a bona fide exempt employee who is exempt from the requirements of the California Labor Code and the Industrial Welfare Commission as Plaintiff is employed in a exempt capacity within the meaning of the applicable wage order(s).

**ADDITIONAL DEFENSES**

Defendants presently have insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES**

Plaintiff knew or should have known that his claims are without any reasonable basis in law or equity and cannot be supported by good-faith arguments for extension, modification or reversal of existing law. As a result of Plaintiff's filing of this action, Defendants have been required to obtain the

services of the undersigned attorneys, and have incurred and will continue to incur substantial costs and attorneys' fees in defense of this meritless case, and Defendants are therefore entitled to recover reasonable attorneys' fees, expenses, and costs incurred by and through this action.

**PRAYER**

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by his Second Amended Complaint;
2. That judgment be entered in favor of Defendants and against Plaintiff on all causes of action;
3. That Defendants be awarded reasonable attorneys' fees according to proof;
4. That Defendants be awarded the costs of suit incurred herein; and
5. That Defendants be awarded such other and further relief as the Court may deem appropriate.

DATED: January 6, 2020

SEYFARTH SHAW LLP

By: */s/ Ryan McCoy*
Ari Hersher
Ryan McCoy

Attorneys for Defendants
THE HERTZ CORPORATION; DTG OPERATIONS, INC; and BRITNEY THOMAS