UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEAN NEREU,
Plaintiff,
v.
THE HERTZ CORPORATION, et al.,
Defendants.

Case No. 4:19-cv-07157-KAW

**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND**

Re: Dkt. No. 25

On January 21, 2020, Plaintiff Sean Nereu filed a motion to remand the case to San Francisco Superior Court. (Dkt. No. 25.)

Upon review of the moving papers, the Court finds this matter suitable for resolution without oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, GRANTS Plaintiff's motion to remand.

## I. BACKGROUND

On September 24, 2019, Plaintiff Sean Nereu filed this case in San Francisco Superior Court against Defendants Hertz Corporation and DTG Operations, Inc., who removed the case to federal court on October 30, 2019 on the grounds that the district court had diversity jurisdiction pursuant to 28 U.S.C. § 1332.

On November 18, 2019, Plaintiff amended his complaint as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a), to add additional state law causes of action as well as a new individual defendant, Brittney Thomas. (First Am. Compl., "FAC," Dkt. No. 12.) On December 2, 2019, Defendants filed a motion to dismiss, and, in response, on December 16, 2019, Plaintiff filed a motion for leave to file a second amended complaint. The Court granted leave to amend on December 17, 2019, and Plaintiff filed his second amended complaint on December 23, 2019,

United States District Court
Northern District of California

United States District Court
Northern District of California

which still included Thomas. (Second Am. Compl., "SAC," Dkt. No. 20.) Defendants filed an answer to the second amended complaint on January 6, 2020. (Defs.' Answer, Dkt. No. 21.) Defendant Thomas is a citizen of California and a resident of the City and County of San Francisco. (Defs.' Answer ¶ 5.)

On January 21, 2020, Plaintiff filed a motion to remand on the grounds that there is no longer complete diversity of the parties, thereby divesting the Court of subject matter jurisdiction. (Pl.'s Mot., Dkt. No. 25.) On February 4, 2020, Defendants filed an opposition. (Defs.' Opp'n, Dkt. No. 30.) On February 11, 2020, Plaintiff filed a reply. (Pl.'s Reply, Dkt. No. 31.)

## II. LEGAL STANDARD

District courts have jurisdiction in civil actions where there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The decision of whether to permit joinder is a matter left to the discretion of the district court. *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

In this district, courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citations omitted). Any of these factors might prove decisive, and none is absolutely necessary. *See Graunstadt v. USS-Posco Indus.*, No. C 10-03225 SI, 2010 WL 3910145, at *2 (N.D. Cal. Oct. 5, 2010).

## III. DISCUSSION

Plaintiff argues that remand is appropriate because the joinder of Defendant Brittney

Thomas was proper, rendering the parties not diverse. (Pl.'s Mot. at 7.)

Since the first and second amended complaints, both of which name Thomas as a defendant, have already been filed, the Court will determine whether it will exercise its discretion to permit joinder under § 1447(e). If joinder is permitted, the case must be remanded to state court.

**A. Whether Thomas is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a).**

Plaintiff contends that Thomas was directly involved in the events that gave rise to this case. (Pl.'s Mot. at 11.) Specifically, Plaintiff alleges that he was wrongfully terminated after he made complaints of violations and a complaint against Thomas. (Pl.'s Mot. at 11; SAC ¶ 58.) Thomas was the Director of Fleet Services at Hertz, and she allegedly instructed Plaintiff to change the timecards for her direct reports to prevent any overtime, and Plaintiff refused. (SAC ¶¶ 25-26.) Plaintiff further alleges that Thomas tried to induce her direct reports to give false statements indicating that Plaintiff was manipulating timecards knowing that the statements would be false. (SAC ¶ 123.) Under Rule 19(a), a party is a required party if it is "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction…." Fed. R. Civ. P. 19(a)(1). Since Thomas destroys subject matter jurisdiction, because she is a non-diverse defendant, she is not a required party under Rule 19(a).

Notwithstanding, the Court finds that Thomas is required for "just adjudication" due to her involvement in the facts that give rise to this case. "A court may find that joinder is appropriate for the just adjudication of the controversy if there is a high degree of involvement by the defendant in the occurrences that gave rise to the plaintiff's cause of action." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). Here, Thomas was personally involved in Plaintiff's alleged wrongful termination, and Plaintiff alleges causes of actions against her for defamation and intentional infliction of emotional distress. *Cf. McGrath*, 298 F.R.D. at 608 (The three non-diverse store managers were not required for just adjudication, because the plaintiff did not maintain any allegations against them outside the scope of their employment, or any basis for distinguishing them from other Home Depot employees named in the operative complaint, but not

included as named defendants.)

In opposition, Defendants argue that Thomas "adds nothing" as an individual defendant, and Plaintiff has failed to show why she is needed as a party to obtain complete relief. (Defs.' Opp'n at 9.) In reply, Plaintiff argues that "employers typically dispute and contest any liability based on alleged intentional acts by the employees, arguing that such conduct occurred outside the scope of the employment relationship." (Pl.'s Reply at 3.) The Court agrees, particularly given that whether an employer can be held liable for the intentional torts of its employees is a fact intensive inquiry, and Thomas is far more than tangentially related to the events that gave rise to this litigation. *See Walsh v. Home Depot U.S.A., Inc.*, No. C-06-4207 SC, 2006 WL 2884411, at *3 (N.D. Cal. Oct. 10, 2006) (plaintiff permitted to add non-diverse manager under § 1447(e), because manager's absence would likely cause repetitive litigation and would hinder the plaintiff "from asserting her rights against an employee directly involved in the alleged discriminatory conduct.")

Accordingly, the Court finds that, under the permissive standards of § 1447(e), this factor weighs in favor of joinder.

**B. Whether the statute of limitations would preclude an original action against Thomas in state court.**

Plaintiff asserts her defamation and intentional infliction of emotional distress claims against Thomas, Hertz, and DTG. "Generally, if a statute of limitations does not bar a plaintiff from filing suit in state court, a federal court may be less inclined to permit joinder of a non-diverse defendant because he could still theoretically seek relief from state court." *Graunstadt,* 2010 WL 3910145, at *3 (citing *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1083 (C.D. Cal. 1999)). Here, while the limitations period has not expired, Plaintiff would be required to litigate essentially identical issues turning on the same facts in two forums, which would be a waste of judicial resources and invite the risk of inconsistent results. *See Graunstadt,* 2010 WL 3910145, at *3. Thus, the fact that the statute of limitations has not run should not prevent joinder. *See id.* (citing *IBC,* 125 F. Supp. 2d at 1012).

Accordingly, this factor does not significantly weigh against joinder.

**C. Whether there has been unexplained delay in requesting joinder.**

Plaintiff argues that he was timely in joining Thomas, since he filed his first amended complaint less than a month after the case was removed from state court. (Pl.'s Mot. at 12.) In opposition, Defendants argue that Plaintiff has not explained why he delayed in adding Thomas after filing his original complaint, let alone why he did not file his motion to remand after he filed the first amended complaint. (Defs.' Opp'n at 11.) In reply, Plaintiff argues that he identified new facts which helped determine the extent of her involvement in the claims, such that the addition of Thomas was due to the evolution of the case. (Pl.'s Reply at 4.) Furthermore, Plaintiff filed the first and second amended complaints within three months of the original complaint. *Id.*

While Plaintiff does not address why he waited until the second amended complaint was filed to file the motion to remand, the Court finds that Plaintiff has not unduly delayed in seeking to add Thomas as a defendant in this action. Therefore, this factor weighs in favor of permitting joinder.

**D. Whether joinder is intended solely to defeat federal jurisdiction.**

Defendant argues that Thomas should not be joined because Plaintiff's intention was to defeat the federal court's diversity jurisdiction. (Defs.' Opp'n at 11-12.) In support of this argument, Defendant points to the fact that Plaintiff knew of Thomas's involvement when he filed the original complaint, but that he did not name Thomas as a defendant until the case was removed to federal court. *Id.* at 12. Defendants acknowledge that Plaintiff's first amended complaint only added Thomas as a defendant along with his new claims for defamation and intentional infliction of emotional distress. *Id.* Plaintiff responds that he had valid reasons to join Thomas, particularly that, while he alleges that she acted in the scope of her employment, it is possible that the trier of fact could find that she engaged in tortious conduct outside the scope of her employment. (Pl.'s Reply at 5.)

The motive of a plaintiff in seeking joinder of a non-diverse defendant is relevant to a court's decision as to whether to grant leave to amend his original complaint. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir.1980) (superseded by 28 U.S.C. § 1447(e) (1996)); *IBC*, 125 F. Supp. 2d at 1012. The joinder of non-diverse defendants for the sole purpose

of divesting a federal court of diversity jurisdiction is improper, and courts should closely scrutinize such motives. *Desert Empire Bank*, 623 F.2d at 1376. Notwithstanding, "[s]uspicion of diversity destroying amendments is not as important now that § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *IBC*, 125 F.Supp.2d at 1012 (citation omitted). "Because of this, 'when considering motive, courts often consider whether plaintiff is attempting unreasonably to delay proceedings.'" *Graunstadt v. USS-Posco Indus.*, No. C 10-03225 SI, 2010 WL 3910145, at *4 (quoting *Gunn v. Wild*, 2002 WL 356642, at *5 (N.D. Cal. Feb.26, 2002)).

Given the early stage of litigation, there is no indication that Plaintiff is attempting to unreasonably delay proceedings, as there are no dispositive motions pending and no case deadlines. Also, Plaintiff seeks to join a Hertz manager who is allegedly the source of liability for, at the very least, defamation and intention infliction of emotional distress. Accordingly, this factor weighs in favor of permitting joinder under § 1447(e).

**E. Whether the claims against Thomas appear valid.**

If a plaintiff seeking joinder states meritorious claims against a non-diverse defendant, joinder is favored. *See IBC*, 125 F.Supp.2d at 1012. Defendants argue that Plaintiff's claims against Thomas are invalid, and that Plaintiff does not even attempt to argue that he can maintain a defamation claim against Thomas. (Defs.' Opp'n at 13 n. 5.) In reply, Plaintiff argues that the claims have merit, and, as pled, are sufficient to survive a motion to dismiss, which is why Defendants chose to answer the second amended complaint. (Pl.'s Reply at 9.)

**i. Defamation claim**

Specifically, Defendants argue that the defamation claim is invalid, because Thomas's communications are privileged under California Civil Code § 47(c), which grants a privilege against defamations for communications made without malice on subjects of mutual interest. (Defs.' Opp'n at 13.) While such a qualified privilege exists under California Civil Code § 47(c), no privilege exists if the plaintiff states sufficient facts to plead actual malice. *See Slaughter v. Friedman*, 32 Cal. 3d 149, 156-57 (1982). Actual malice is adequately alleged when "defendants knew that their statements were false, and that they acted in reckless disregard of the truth, being

motivated by feelings of ill will toward plaintiff." *Id.* at 156-57. Here, Plaintiff alleges that Thomas knew her statements were false when they were made, and that she made the statements in retaliation for Plaintiff's complaints to Human Resources in order to have him terminated. (SAC ¶¶ 28, 68, 123.) Thus, Thomas's statements are not privileged, and Plaintiff sufficiently states a cause of action for defamation.

**ii. Intentional Infliction of Emotional Distress claim**

Similarly, Defendants argue that Plaintiff fails to state sufficient facts for his intentional infliction of emotional distress claim on the grounds that it is barred by the exclusivity provisions of the California Workers' Compensation Act. (Defs.' Opp'n at 16.) The cases cited by Defendants, however, pertain to when the alleged emotional distress causes complete and total disability, and are, therefore, inapposite. (*See* Defs.' Opp'n at 16-17 (citing *Shoemaker v. Myers*, 52 Cal. 3d 1, 18, (1990); *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 160 (1987))). In fact, in *Cole*, the California Supreme Court recognized that emotional distress claims which do not result in disability are not barred by the California Workers' Compensation Act. 43 Cal. 3d at 156 ("Intentional infliction of emotional distress which results in physical injury and disability is ordinarily more reprehensible than intentional infliction of emotional distress which does not result in disability, but civil action is allowed only in the latter situation.") Here, Plaintiff does not allege that the emotional distress has resulted in a disability or inability to work, such that his emotional distress claim is not excluded by the California Workers' Compensation Act.

Alternatively, Defendants argue that Plaintiff cannot plead a claim for intentional infliction of emotional distress, because he cannot satisfy the "extreme and outrageous" conduct element of the claim. (Defs.' Opp'n at 17.) California only permits recovery for conduct "so extreme and outrageous as to go beyond all possible bound of decency and to be regarded as atrocious and utterly intolerable in a civilized community." *Rulon–Miller v. Int'l Bus. Mach. Corp.*, 162 Cal.App.3d 241, 254 (1984). Termination alone is insufficient to satisfy the extreme and outrageous conduct requirement. *Pitman v. City of Oakland*, 197 Cal.App.3d 1037, 1047 (1988). "Where behavior goes beyond the act of termination, however, it is for the court to determine whether severe emotional distress can be found." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d

1048, 1053 (C.D. Cal. 2013) (citing *Rulon–Miller*, 162 Cal.App.3d at 254; *see also Calero v. Unisys Corp.*, 271 F. Supp. 2d 1172, 1177 (N.D. Cal. 2003)). Here, Thomas's alleged conduct goes beyond mere termination, because she allegedly falsely accused Plaintiff of falsifying timecards, which contributed to his suspension and eventual termination. (SAC ¶ 129.) This satisfies the extreme and outrageous conduct element of the intentional infliction of emotional distress cause of action.

Accordingly, the Court finds that Plaintiff states viable claims against Thomas, which weighs in favor of permitting joinder.

**F. Whether denial of joinder will prejudice the plaintiff.**

Since the Court finds that Plaintiff's second amended complaint states viable claims against Thomas, it also finds that Plaintiff would be prejudiced if the Court does not permit joinder. Therefore, this factor weighs in favor of permitting joinder.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the joinder of non-diverse Defendant Brittney Thomas is proper, and, therefore, Plaintiff's motion to remand is GRANTED. The case is hereby remanded to San Francisco Superior Court.

IT IS SO ORDERED.

Dated: April 1, 2020

KANDIS A. WESTMORE
United States Magistrate Judge